WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Primoris Energy Services Corporation, | No. CV-24-01072-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Air Products and Chemicals Incorporated, et al., | |
| Defendants. | |

On May 29, 2026, the dispositive motions deadline (*see* Doc. 108), Air Products and Chemicals, Inc. ("APCI") filed a motion for summary judgment (Doc. 129), which Travelers Casualty and Surety Company of America ("Travelers") joined (Doc. 130). That same day, Primoris Energy Services Corporation ("Plaintiff") lodged under seal a cross-motion for summary judgment. (Doc. 127.)

There is no pending motion to seal Plaintiff's motion for summary judgment. However, that same day, the parties filed a stipulation to seal 18 separate documents:

1. APCI-AZ0430852-59
2. APCI-AZ0430351-53
3. APCI-AZ0430448-54
4. APCI-AZ0430379-84
5. APCI-AZ0430715
6. APCI-AZ0430364-69
7. APCI-AZ0429624-25

8. APCI-AZ0429611-13

9. APCI-AZ0427135-44

10. APCI-AZ0427124-34

11. APCI-AZ0254526-31

12. APCI-AZ0430545-47

13. APCI-AZ0425393-95

14. APCI-AZ0425414-15

15. Gentry, 258:16-262:181

16. Gentry, 263:25-275:6

17. Gentry, 278:7-280:9

18. Gentry, 285:1-286:25

(Doc. 124 at 2-3.) The parties did not lodge these 18 documents under seal in tandem with filing the stipulation to seal. However, Plaintiff's lodged motion for summary judgment contains 21 exhibits:

1. Exhibit 1

2. Exhibit 2

3. Exhibit 3

4. Exhibit 4

5. Exhibit 5

6. Exhibit 6

7. Exhibit 7

8. Exhibit 8

9. Exhibit 9

10. Exhibit 10

11. Exhibit 11

12. Exhibit 11-A

13. Exhibit 12

14. Exhibit 12-A

15. Exhibit 13

16. Exhibit 13-A

17. Exhibit 14

18. Exhibit 15

19. Exhibit 16

20. Exhibit 17

21. Exhibit 18

(Doc. 127 at 18-19.)

In the Ninth Circuit, "[t]wo standards generally govern motions to seal documents." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Those two standards are referred to as "the presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The presumptive "compelling reasons" standard applies when the documents that are the subject of the sealing request are being filed in conjunction with a motion or pleading that "is more than tangentially related to the underlying cause of action" or "the merits of a case." *Id.* at 1099. *See also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."). The "good cause" exception most often applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1097. Here, the filing giving rise to the sealing request is a motion for summary judgment. The parties acknowledge that the "compelling reasons" standard applies in this circumstance. (Doc. 124 at 3.)

Under that standard, a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178. To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (cleaned up). The Court must then "conscientiously balance the competing interests of

- 3 -

the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (cleaned up). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (cleaned up). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014), at which point that injury is weighed against the public's interest in disclosure. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The fact that a sealing request is stipulated or unopposed does not weigh in favor of sealing. *See generally Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4569473, *7 (D. Del. 2020) ("The problem for judges is that [sealing] requests are seldom opposed—the would-be opposing party has access to the materials and doesn't particularly care whether the public has access as well. . . . That leaves the judge in the position of having to decide a sometimes complex issue of sealing or redaction with no adversarial briefing and often, as in this case, with only a perfunctory submission from the party seeking relief.").

The protective order governing this case specifies that "the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met." (Doc. 39 at 6.) Likewise, the parties cannot separately contract their way into meeting the sealing standard in federal court. Thus, the parties' assertion that "[t]he 'Confidential Settlement Agreements' (APCI-AZ0427135-44 and APCI-AZ0427124-34) each contain provisions requiring the terms thereof to be kept confidential, which created in both Intel and APCI a reasonable expectation that the agreements and Settlement Documents would not be disclosed," is not dispositive, and

neither is the parties' assertion that the Intel-APCI Change Orders "are subject to the provisions of the prime contract between APCI and Intel which require contract documents containing Intel non-public information, including Intel change orders, to be kept confidential." (*Id.* at 4.) *Senderra Rx Partners LLC v. Express Scripts Incorporated*, 2:19-mc-00016-DWL, Doc. 5 ("Petitioner has filed a petition in federal district court, and this Court does not automatically seal documents—let alone entire cases—based on agreements between the parties."); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 2474387, *1 (D. Ariz. 2010) ("TriQuint's sole basis advanced for sealing the motion to amend in this case is this side agreement. Similarly, Avago's sole basis for seeking to seal its response is the side agreement. The Court again does not find this side agreement to show a compelling reason to seal the complaint in this case.").

The parties further assert, in a conclusory manner, that the Settlement Documents and the Intel-APCI Change Orders "are 'sources of business information that might harm a litigant's competitive standing' if filed in the public record." (Doc. 124 at 4.) Conclusory allegations of harm do not meet the "compelling reasons" standard. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026-27 (9th Cir. 2014) ("[A] naked conclusory statement that publication . . . will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1270 (N.D. Cal. 2019) ("conclusory allegations of harm" did not "outweigh the public's right of access"). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work *a clearly defined and serious injury* to the party seeking closure." *Oliner*, 745 F.3d at 1026 (emphasis added). Litigation sometimes airs the internal workings of a company that are otherwise not available to the public. Vaguely asserting that disclosure of certain material would result in competitive harm—without explaining why or how this is so—will not suffice. *Id.* It is the moving party's burden to provide facts, arguments, and legal authority that would allow the Court to "articulate the factual basis"—"without relying on

hypothesis or conjecture"—for ruling that compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.

Similarly, the parties assert that APCI's expert, Mark Gentry, "discloses details of documents that were designated as Attorney-Eyes Only under the protective order" and that disclosure "might harm a litigant's competitive standing." (Doc. 124 at 4-5.) Again, the parties' designations under the protective order and vague, conclusory assertions regarding unspecified harm that disclosure "might" cause are not "compelling" under the *Kamakana* standard.

As such, the stipulation to seal is denied.

Finally, even if the parties' stipulation were sufficient to establish that any document in this litigation should be sealed—which it is not—it would not follow that Plaintiff could submit its entire motion for summary judgment under seal. *ImageKeeper LLC v. Wright Nat'l Flood Ins. Servs., LLC*, 2023 WL 7042448, *2 (D. Nev. 2023) ("Evoke makes no attempt to narrow its request to only information which might reveal ImageKeeper's allegedly sensitive business information, instead requesting—without explanation—that the court seal every word and exhibit relating to its summary judgment motion, even those potentially fit for public consumption. This is improper."); *Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 12586248, *2 (C.D. Cal. 2014) ("Despite the heightened 'compelling reasons' standard for sealing documents submitted along with a motion for summary judgment, Defendants fail to articulate any 'compelling reasons' that would justify sealing the *entirety* of their motion and supporting documents, which constitute roughly two reams of paper. The Court's independent review of the motion and supporting documents reveal little, if any, information that could meet that heightened standard of review. Defendants make no attempt to argue otherwise or to narrowly tailor their sealing request to portions of the record that might, in fact, be subject to sealing.").

The parties have placed calls to the undersigned judge's chambers in an attempt to determine whether the response deadline for Plaintiff's motion for summary judgment will

be the date on which it was lodged or the date on which it will be filed.  Pursuant to LRCiv 56.1(d), the opposing party has 30 days from the date of "service" of a motion for summary judgment in which to file a response, and pursuant to Rule 5 of the Federal Rules of Civil Procedure, which applies to all written motions, service on a represented party is made on the attorney, generally via filing on ECF.  In this case, where the motion was lodged under seal rather than filed—and where, in theory, Plaintiff could decide *not* to file a motion for summary judgment or to amend it in some way before filing, in response to being denied leave to file under seal—the Court construes the service date as the date on which any motion for summary judgment that Plaintiff chooses to file is *actually filed* on the public docket.

However, in order to reduce the possibility of prejudice to any party and to streamline the briefing schedule for the cross-motions, the Court will extend the briefing deadlines for APCI's motion for summary judgment to ensure that the responses and replies are due on the same dates.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 124) is **denied**.

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed.  Plaintiff "may, within five (5) days of the entry of the order denying the request, resubmit the document for filing in the public record."  Plaintiff is encouraged to resubmit the document for filing *as soon as possible*.

**IT IS FURTHER ORDERED** that the briefing schedule for the cross-motions for summary judgment will be aligned.  The response briefs will be due 30 days from the date on which Plaintiff resubmits its motion for summary judgment in the public record.  The reply deadlines extend accordingly.

Dated this 3rd day of June, 2026.

_____
Dominic W. Lanza
United States District Judge

- 7 -