**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Primoris Energy Services Corporation, | No. CV-24-01072-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Air Products and Chemicals Incorporated, et al., | |
| Defendants. | |

Pending before the Court is a motion to seal filed by Air Products & Chemical Inc. ("APCI"). (Doc. 136.) For the reasons that follow, the motion is denied.

As background, in April 2023, Primoris Energy Services Corporation ("Primoris") contracted with APCI to perform certain work on property belonging to non-party Intel Corporation ("Intel")[1] as part of a larger construction project. A variety of setbacks caused Primoris to incur unexpected additional costs and perform unexpected additional work. In this action, Primoris asserts an array of claims against APCI and others arising out of those setbacks. (Doc. 54.) APCI has, in turn, asserted counterclaims against Primoris and others. (Doc. 102.)

In September 2024, the Court entered the parties' stipulated protective order. (Doc. 39.) Among other things, the protective order specifies:

> Before any Materials . . . designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must

---

[1] Although Intel was previously named as a defendant (Doc. 54), the parties later agreed to dismiss Intel as a party (Doc. 78).

seek permission of the Court to file the material under seal. . . . Nothing in this order shall be construed as automatically permitting a party to file under seal. . . . The party seeking leave of Court shall show 'compelling reasons' (where the motion is more than tangentially related to the merits of the case) . . . for filing under seal. Furthermore, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met.

(*Id.* at 5-6, cleaned up.)

On May 29, 2026—the deadline under the scheduling order for filing dispositive motions (Doc. 108)—Primoris lodged, under seal, a summary judgment motion. (Doc. 127.) In tandem with that filing, Primoris and APCI filed a "stipulation" to allow Primoris's summary judgment motion to be filed under seal in its entirety. (Doc. 124.) The basis for the stipulation was that (1) certain attachments to the summary judgment motion had been marked as "Confidential" or "Confidential-For Attorney Eyes Only" during the discovery process; (2) certain attachments were settlement agreements between APCI and Intel, which APCI and Intel were contractually obligated to keep confidential and which contained unspecified "business information" that "might harm a litigant's competitive standing" if filed in the public record; (3) certain attachments were change orders between APCI and Intel, which APCI and Intel were contractually obligated to keep confidential and which contained "non-public information" regarding "project financial details" that "might harm a litigant's competitive standing" if filed in the public record; and (4) certain attachments were deposition excerpts discussing unspecified "internal financial and project details" pertaining to two non-parties that that "might harm a litigant's competitive standing" if filed in the public record. (*Id.*)

In a June 3, 2026 order, the Court denied the parties' sealing stipulation. (Doc. 131.) The Court began by noting that because the stipulation pertained to a summary judgment motion, it was governed by the stringent "compelling reasons" standard discussed in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). (*Id.* at 3.) Next, the Court explained that it was irrelevant that the parties had stipulated to the sealing request

- 2 -

and that the some of the documents at issue had been marked Confidential or Confidential-Attorney's Eyes Only during the discovery process—points the protective order itself emphasizes. (*Id.* at 4.) Next, to the extent the stipulation was premised on the fact that APCI and Intel had entered into separate contracts in which they agreed with each other to maintain the confidentiality of the settlement agreements and the change orders, the Court explained that "parties cannot separately contract their way into meeting the sealing standard in federal court" and cited various cases recognizing this point. (*Id.* at 4-5.) Finally, to the extent the stipulation was premised on the supposed sensitivity of the financial information contained within the attachments at issue, the Court explained that the stipulation was far too conclusory—"Vaguely asserting that disclosure of certain material would result in competitive harm—without explaining why or how this is so—will not suffice"—and cited various cases recognizing this point. (*Id.* at 5-6.)[2]

Under LRCiv 5.6(e), "[i]f a request to file under seal is denied in part or in full, the lodged document will not be filed. If the request is denied in full, the submitting party may, within five (5) days of the entry of the order denying the request, resubmit the document for filing in the public record." In the June 3, 2026 order, the Court highlighted this provision and encouraged Primoris "to resubmit the document for filing as soon as possible." (Doc. 131 at 7.) Two days later, on June 5, 2026, Primoris refiled its summary judgment motion on the public docket. (Doc. 132.)

Eleven days later, on June 16, 2026, APCI filed the pending motion to seal. (Doc. 136.) In a nutshell, APCI attempts to provide additional justifications for the stipulated sealing request that was denied in the June 3, 2026 order. (*Id.*) APCI also criticizes Primoris for not consulting with APCI before refiling the summary judgment motion on the public docket. (*Id.* at 3.) Primoris has since filed an opposition to the sealing request (Doc. 140) and APCI has filed a reply (Doc. 143).

APCI's motion to seal lacks merit for a pair of interrelated reasons. First, APCI is effectively seeking reconsideration of the June 3, 2026 order by providing additional

---

[2] The Court also noted that the stipulation was flawed because it improperly sought to file Primoris's summary judgment under seal in its entirety. (*Id.* at 6.)

sealing-related arguments it could have advanced, but failed to advance, in the parties' May 29, 2026 stipulation to seal. This approach is, in general, improper. *See* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

In the Court's view, this approach is particularly improper when it comes to sealing requests. All too often, parties in commercial litigation submit stipulated sealing requests premised on perfunctory assertions of competitive harm. This approach places substantial burdens on courts:

> The issue that Lipocine's motion presents is illustrative of a much broader problem: the practice of counsel in complex civil cases using the sealing privilege excessively, without careful consideration of whether it is appropriate in particular instances. The problem for judges is that such requests are seldom opposed—the would-be opposing party has access to the materials and doesn't particularly care whether the public has access as well. . . . That leaves the judge in the position of having to decide a sometimes complex issue of sealing or redaction with no adversarial briefing and often, as in this case, with only a perfunctory submission from the party seeking relief. Frequently, judges find it is simpler not to resist the seemingly unquenchable desire on the part of litigants and their counsel to maintain the highest possible degree of secrecy as to the circumstances underlying the litigation, and ultimately as to the litigation proceedings themselves. Although I have often inveighed against the over-use of sealing, redaction and courtroom closings, I confess that I have sometimes found that it is simply too difficult to police parties' submissions in detail and have not been as vigilant about sealing and redaction requests as I should have been. Because the policing process is so time-consuming, and because judges have limited access to information that is often important in evaluating claims of confidentiality, the responsibility ultimately falls on counsel to police themselves and to instruct their clients that judges often do not respond well to unreasonable efforts to keep as much out of the public record as possible. At least not this judge.

*Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4569473, *7 (D. Del. 2020).

That is exactly what happened here. It consumed significant judicial resources to review the parties' May 29, 2026 sealing stipulation, independently review Primoris's

- 4 -

lodged summary judgment motion and attachments (which collectively spanned 209 pages), evaluate whether each of the parties' proffered sealing justifications satisfied the exacting *Kamakana* standard, and then draft an order setting forth the resulting analysis. Under these circumstances, APCI should not be allowed to belatedly proffer additional and better-developed sealing arguments it could have included in its May 29, 2026 sealing request. *See, e.g., In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107-08 (N.D. Cal. 2021) ("Google had an ample opportunity to demonstrate a compelling reason for sealing, and squandered it. The governing standards summarized here have been well-established for many years, and our District's local rules clearly state the procedures for Google to follow in making its case. Even so, Google presented nothing but generic and boilerplate statements for its sealing requests. . . . Google's request for a do-over is misdirected in several respects. To start, Google cannot credibly claim surprise or lack of a fair chance to address the sealing standards. The salient case law and local rules have been on the books for a good while, and Google is represented here by two top-tier law firms with ample resources to get a proper sealing request on file. . . . In these circumstances, Google's plea for a break because this was the 'first sealing exercise' in the litigation, is unpersuasive. So too for Google's effort to pass the buck for its shortfall to the Court. Google hedged its original requests with the statement that 'if the Court believes that Google should support its request with either a supplemental declaration or additional detail in support of its sealing request, Google can provide such additional support and requests leave to do so.' This fundamentally misunderstands federal motion practice. The Court does not review a party's motion papers and offer coaching pointers for a second round of briefs. The burden is on the party to make its case in the first instance, as it sees fit. That is all the more true in the sealing context, where the judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing.") (cleaned up).

Second, APCI's current sealing request ignores that the materials it seeks to seal have been publicly available since June 5, 2026, when Primoris refiled its summary

judgment motion on the public docket in accordance with LRCiv 5.6(e) and the June 3, 2026 order.[3]  Sealing is not warranted in this circumstance.  *See, e.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("[W]hen information that is supposed to be confidential . . . is publicly disclosed . . . it necessarily remains public . . . .  'Once the cat is out of the bag, the ball game is over.'") (citation omitted); *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("Any balancing of the interests . . . would be academic as the information the Government and Doe seek to maintain sealed has already been publicly revealed; the cat is out of the bag, the genie is out of the bottle.").

Accordingly,

**IT IS ORDERED** that APCI's motion to seal (Doc. 136) is **denied**.

Dated this 20th day of July, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[3]    To the extent APCI criticizes Primoris for making this filing without first consulting APCI, this criticism is unwarranted.  The June 3, 2026 order specifically directed Primoris to refile the summary judgment motion on the public docket as soon as possible.  (Doc. 131 at 7.)